UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY,<br><br>                      Plaintiff,<br><br>v.<br><br>TREASURY DEPARTMENT IRS,<br><br>                      Defendant. | Case No.: 3:23-cv-00693-RBM-BLM<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Docs. 2, 3]** |

      On April 17, 2023, Plaintiff Dolores Kelly ("Plaintiff") filed a complaint against Defendant "IRS Treasury Department," which the Court understands to be the Internal Revenue Service. (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.) Plaintiff also filed a request for appointment of counsel. (Doc. 3.) For the reasons outlined below, the Court denies both motions.

1

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1234. To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[] himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted).

Here, Plaintiff has not sufficiently demonstrated her entitlement to IFP status. Plaintiff attests she is unable to pay the costs of these proceedings. (Doc. 2 at 1.) Plaintiff fails, however, to answer or provide a meaningful response to many of the questions in the affidavit, as required by the Instructions listed on page 1. (*Id*.) Plaintiff has left questions one through eight, and part of twelve, entirely blank, leaving the Court with no information about Plaintiff's income sources, expenses, employment history, assets, debts, or dependents. (*Id*. at 1–5.) Because the Court finds Plaintiff does not allege poverty "with some particularity, definiteness and certainty," *Escobedo*, 787 F.3d at 1234, Plaintiff is not entitled to proceed in forma pauperis at this time. Courts in this district have denied similar IFP applications where a litigant fails to meet her burden of demonstrating indigence. *See, e.g.*, *Blackshire v. Buca Restaurants 2, Inc.*, No. 21-cv-1505-JLS-WVG, 2022 WL 36519, at *2-3 (S.D. Cal. Jan. 3, 2022) (denying IFP motion where plaintiff failed to answer or

provide meaningful response to many questions in affidavit); *Aellis O. v. Connor*, No. 22-cv-200-JLS-WVG, 2022 WL 757432, at *2 (S.D. Cal. Feb. 18, 2022) (denying IFP motion where plaintiff failed to answer every question in affidavit); *Toussaint v. Venante*, No. 22-cv-245-JLS-AGH, 2022 WL 891112, at *1-2 (S.D. Cal. Mar. 25, 2022) (same).

Accordingly, the Court **DENIES** Plaintiff's IFP Motion (Doc. 2) and request to appoint counsel (Doc. 3) without prejudice. No later than **May 18, 2023**, Plaintiff must either pay the $402 filing fee required to commence this civil action or file a renewed IFP motion that sufficiently shows she is entitled to IFP status.  **If Plaintiff fails to either pay the $402 filing fee or file a renewed IFP motion by May 18, 2023, the Court will dismiss the complaint and close the case.**

**IT IS SO ORDERED**.

DATE:  April 19, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE